UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Tarl A. Lotharius )
) Case No. 12-26895-mdm
)
)
Debtor. )
)
_____

Tarl A. Lotharius
    Plaintiff,

v.

                                     Adversary No. _____

Payday Loan Store
    Defendant.

## COMPLAINT

Tarl A. Lotharius in the above captioned bankruptcy case, by his counsel, DeLadurantey Law Office, LLC, and as and for his Complaint against the above named Defendant, alleges and states the following:

### JURISDICTION AND VENUE

1. This adversary proceeding is brought under the authority provided under 547 and 522 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Code" and F.R.B.P. 7001).

2. This adversary proceeding directly relates to the above captioned Chapter 13 proceeding.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

Drafted By:
Nathan E. DeLadurantey
DeLadurantey Law Office, LLC
735 W. Wisconsin St., Suite 720
Milwaukee, WI 53233
P: 414-377-0515; F: 414-755-0860
nathan@dela-law.com

4. This proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (F).

5. This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. Debtor filed his Chapter 13 Bankruptcy petition on May 7, 2012 (the Petition Date"), in the United States Bankruptcy Court for the Eastern District of Wisconsin.

## PARTIES

7. Plaintiff is the debtor in the above captioned bankruptcy case.

8. Defendant, Payday Loan Store is a foreign business entity with a primary place of business located at 300 N. Elizabeth Street, Chicago, IL 60607 and a registered agent of Edward J. Heiser located at 555 E. Wells St, Suite 1900, Milwaukee, WI 53202.

## COUNT I: PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

9. Plaintiff realleges and restates paragraphs 1-8 as if fully set forth at length herein.

10. Upon information and belief, during the ninety (90) days prior to the Petition Date, Payday Loan Store received by the debtor monetary funds totaling $690.00 (the "Preferential Transfer").

11. Pursuant to 11 U.S.C. § 547(b) the Preferential Transfer:

    a. was a transfer of interest of the Debtor in personal property;

    b. was made to or for the benefit of a creditor, Payday Loan Store;

    c. was for or on account of an antecedent debt owed by the Debtors to Payday Loan Store before such transfer was made;

    d. was made while the Debtor was insolvent;

    e. was made on or within ninety (90) days prior to the Petition Date; and

    f. enabled Payday Loan Store to receive more than Payday Loan Store would have received had the transfer not been made and/or had Payday Loan Store received payment of such debts to the extent provided by the Bankruptcy Code.

12. By virtue of the foregoing, the plaintiff avers that the Preferential Transfer is voidable by the Trustee pursuant to 11 U.S.C. § 547(b).

## COUNT II: RECOVERY OF AVOIDED TRANSERS
## PURSUANT TO 11 U.S.C. § 522(h)

13. Plaintiff realleges and restates paragraphs 1-12 as if fully set forth at length herein.

14. Pursuant to 11 U.S.C. § 522(h), a "debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under section… 547… and (2) the trustee does not attempt to avoid such transfer."

15. The Trustee did not attempt to avoid the transfer; therefore, the debtor may avoid the transfer as he could have exempted the money if it had been in his possession at the time he filed for bankruptcy.

16. The Preferential Transfer, to the extent that is avoided pursuant to § 547 of the Code, may be recovered by Plaintiff pursuant to § 522(h).

**WHEREFORE,** on behalf of the estate, Plaintiff requests judgment against Defendant as follows:

A. For an Order avoiding and setting aside the Preferential Transfer;

B. Awarding Plaintiff judgment in an amount equal to the value of the Preferential Transfer received by Defendant and requiring Defendant to immediately pay an amount equal to the value of the Preferential Transfer;

C. For the cost of this proceeding including attorney's fees and all applicable interest; and

D. Granting such other and further relief as this Court deems just and equitable.

Dated this 10th day of July, 2012

/s/ .
Nathan E. DeLadurantey
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave., Suite 720
Milwaukee, WI 53233
P: 414-377-0515
F: 414-755-0860